[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15727
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00005-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECIL LEVON GRIDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 21, 2009)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Cecil Levon Grider appeals his 30-month sentence for possession of

ammunition by a convicted felon. On appeal, Grider challenges the application of U.S.S.G. § 2K2.1 to his base offense level, alleging that, as a matter of policy, it unfairly establishes equal punishments for possession of ammunition and possession of a firearm. In the alternative, Grider contends the district court should have downwardly departed or varied from the Guideline range based on this unfair punishment scheme and his personal circumstances and history and that the court's refusal to do so reflected an improper "presumption of reasonableness" for the Guideline range. We find no merit to either of these arguments.

## I.

Grider argues that the district court erred by applying § 2K2.1 in determining his base offense level because it failed to distinguish between possession of a firearm and possession of ammunition in spite of the court's acknowledgment that there was "certainly" a difference between the two. Grider asserts that under Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558 (2007), the district court could have disregarded § 2K2.1 based on a policy disagreement with equating firearms and ammunition. We disagree.

In United States v. Vazquez, 558 F.3d 1224 (11th Cir. 2009), we held that Kimbrough addressed only a district court's discretion to vary from the Guidelines "based on a disagreement with Guideline, not Congressional, policy." Id. at 1229.

2

In this case, however, Congress explicitly prohibits a felon from possessing either ammunition or a firearm, 18 U.S.C. § 922(g), and possession of either subjects a defendant to the same penalties, see generally 18 U.S.C. § 924(a). In order to effectuate this congressional policy, U.S.S.G. § 2K2.1 governs sentencing for unlawful receipt, possession, or transportation of both a firearm or ammunition. Although it retained its full discretion to deviate from the Guidelines based upon the unique circumstances of Grider's case, the district court did not err in declining to disregard § 2K2.1.

## II.

We generally lack jurisdiction to review a district court's refusal to grant a downward departure, unless the district court incorrectly believed that it lacked the statutory authority to depart from the Guidelines range. United States v. Norris, 452 F.3d 1275, 1282 (11th Cir. 2006).[1] We review de novo whether the district court believed it lacked authority to depart. United States v. Holden, 61 F.3d 858, 860 (11th Cir. 1995). When nothing in the record indicates otherwise, we assume that the sentencing court understood it had authority to depart downward. United

---

[1] In addition, we may review a refusal to grant a downward departure to the extent that it was based on a possible misinterpretation or misapplication of the Guidelines' directives regarding such departures. United States v. Castellanos, 904 F.2d 1490, 1497 (11th Cir. 1990). However, Ward does not argue that the court misapplied or misinterpreted a provision of the Guidelines related to downward departure.

3

States v. Chase, 174 F.3d 1193, 1195 (11th Cir.1999). .[2]

In this case, the court correctly determined Grider's Guideline range, and we see no indication in the record that the court mistakenly believed that it lacked the authority to depart downward. Although the district judge did indicate that he felt "obliged to apply [the] Guideline" in spite of his agreement with Grider that there is a difference between possessing a gun and possessing ammunition, this statement goes to the court's (accurate) understanding that it lacked discretion to disregard a federal statute, namely 18 U.S.C. § 922(g), which prohibits possession of both a firearm and ammunition, or § 924(a), which provides punishment for the violation of § 922(g). However, it does not demonstrate a mistaken belief that the court lacked the discretion to depart downward based on other factors unique to the defendant or his situation. Therefore, we lack jurisdiction to review the district court's decision not to downwardly depart from the Guidelines range.

## III.

Our review of the district court's decision not to grant Grider a "variance" from the Guidelines, as opposed to a departure, is more appropriately considered a

---

[2] Grider bore the burden of proving, by a preponderance of the evidence, that he was entitled to the departure. United States v. Stuart, 384 F.3d 1243, 1246 (11th Cir. 2004). Any "factor which removes the case from the heartland of the Guidelines and warrants a downward departure must be supported by evidence in the record." Id.; see also U.S.S.G. § 5K2.0 (providing that a district court has the authority to depart downward only if it finds an aggravating or mitigating circumstance "not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines . . .").

4

review of the reasonableness of the court's sentence in light of the sentencing factors set forth at 18 U.S.C. § 3553(a).  See United States v. Willis, 560 F.3d 1246, 1251 (11th Cir. 2009).  We review the reasonableness of a sentence for abuse of discretion.  Gall v. United States, 552 U.S. 38, 128 S.Ct. 586 (2007). Specifically, we

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id. at 597.

Although district courts must consider the Guidelines as one of several § 3553 factors, district courts may not presume that a sentence within the Guidelines range is reasonable.  See Rita v. United States, 551 U.S. 338, ___, 127 S.Ct. 2456, 2465 (2007).

Our review of the sentencing transcript in this case demonstrates that the district court adequately considered the § 3553(a) factors and did not erroneously apply a presumption of reasonableness to the Guidelines range.  Indeed, the court specifically noted that it was required to consider § 3553(a) "to find a sentence that's reasonable and appropriate under the circumstances" and that it believed that

5

a 30-month sentence was reasonable and appropriate. The court indicated that it had considered Grider's personal history and characteristics, a psychiatric report on Grider's alleged mental deficiencies, and Grider's extensive criminal history before arriving at the sentence imposed. The court also considered a letter from Grider's mother suggesting that Grider's criminal history was a result of "the environment in which lives" but determined that much of Grider's past conduct was not excusable simply based upon environmental factors. We therefore find that the district court's denial of Grider's request for a variance and imposition of a 30-month sentence were reasonable light of the facts and circumstances of this case.

**AFFIRMED.**