[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12849
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00317-LMM-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON COREY GOODMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 20, 2020)

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Jason Goodman appeals his below-guidelines, 54-month sentence for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  He contends that the district court erred because it did not believe that it had the authority to grant him a departure based on his harsh pretrial confinement conditions.  He also argues that his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of sentencing.[1]  After review, we affirm.

## I.

Following the sale of a .45 caliber Ruger firearm and approximately 3.7 grams of methamphetamine to an undercover agent, Goodman was charged with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Goodman pleaded guilty, without a plea agreement, to both charges, and the district court sentenced Goodman to 54-

---

[1] Section 3553(a) mandates that the district court "impose a sentence sufficient, but not greater than necessary" to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2)(A)–(D).  In addition, the court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the guideline sentencing range; (4) any pertinent policy statements; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to any victims.  *Id.* § 3553(a)(1), (3)–(7).

months' imprisonment and three-years supervised release. At sentencing, absent objection by either party, the district court adopted the factual findings and guideline calculations in the presentence investigation report ("PSI") and determined that the applicable guideline range was 57 to 71 months' imprisonment. After reviewing Goodman's sentencing memorandum, the government lowered its recommended sentence from 64-months' imprisonment to 60-months' imprisonment. Goodman reiterated his argument from his sentencing memorandum asking for a "downward variance" to 40-months' imprisonment because his case fell outside the "heartland": he had engaged in just a single transaction with a small amount of drugs even though he was contacted repeatedly by the undercover agent about doing further drug deals and his prior convictions primarily involved driving offenses and misdemeanors.

Goodman also argued that a "downward variance" was appropriate because of his pretrial confinement conditions at the United States Penitentiary, Atlanta ("USP Atlanta").[2] The district court did not grant Goodman's variance request and

---

[2] Specifically, Goodman's counsel asserted that he had received complaints from numerous clients confined at USP Atlanta regarding the "awful" prison conditions. And as it pertained to Goodman, in his two-month pretrial confinement at USP Atlanta, the pretrial detainees had been on lockdown and were only allowed out of their cells once every three days, the commissary was very limited, he was not receiving his anti-depressant medication, his clothing was only washed once a month, there had been problems with the air conditioning, and there had been a malfunctioning fire alarm that kept ringing on a regular basis between 3 or 4 a.m. for several hours at a time.

sentenced Goodman to a below guidelines term of 54-months. In imposing this sentence, the district court noted that it had considered all of the § 3553(a) factors.[3] The district court then addressed Goodman's counsel regarding the pretrial conditions at USP Atlanta stating:

> You mentioned a lot of issues about what's going on in the prison here. I don't know that this is the appropriate place to kind of get into all of that. I will say if there are issues with . . . receiving medication that he's been prescribed or needs, I'll be happy to contact the Marshal's Office and look into that to see what can be done because I'm happy to do that. And if there is anything specifically as it relates to Mr. Goodman that you would like me to look into, if you would e-mail [court personnel] and copy government's counsel, and I'll look into that and see what's going on in terms of that. *But I don't think that I can -- this is not the proper vehicle for me to kind of investigate in more detail what's going on over there,* but I can look into anything as it relates to Mr. Goodman that might be appropriate.

(emphasis added). Goodman objected, without success, that his total sentence was greater than necessary under the § 3553(a) factors, given his history and characteristics, as well as the nature and circumstances of his offense. Following entry of judgment, Goodman timely appealed. On appeal, Goodman contends that

---

[3] As stated by the district court judge:

I did talk about various factors that I considered, but I did consider all of the 3553(a) factors, specifically the nature and circumstances of the offense and your history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense; the need to afford adequate deterrence; the need to protect the public from further crimes; the kinds of sentences available; the kinds of sentence and range established for your offense as set forth in the guidelines; all pertinent policies; and the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.

(1) the district court erred because it did not believe it had the authority to grant him a downward departure based on the harsh pretrial confinement conditions, and (2) his sentence is substantively unreasonable.

II.

We generally do not review the merits of a district court's discretionary denial of a downward departure, but we review *de novo* a claim that the district court erroneously believed it lacked the authority to grant such a departure, including whether that belief was based on legal error. *United States v. Pressley*, 345 F.3d 1205, 1209 (11th Cir. 2003). Here, regardless whether Goodman's request at sentencing was for a downward departure or variance,[4] the district court never stated that it believed it could not depart based on his pretrial confinement conditions. Instead, the district court construed Goodman's pretrial confinement conditions argument as a request to investigate the conditions at USP Atlanta, and simply explained that Goodman's sentencing proceeding was not the appropriate vehicle for such a request. And, in fact, the district court imposed a below-

---

[4] The government argues that Goodman did not expressly request a downward departure based on the pretrial confinement conditions—rather he requested a downward variance—and he did not ask the district court to invoke its departure power. Thus, quoting *United States v. Grider*, 337 F. App'x 820, 822 (11th Cir. 2009), they say we should analyze Goodman's request, and the district court's actions, under a review of the reasonableness of the sentence in light of the § 3553(a) factors. Goodman argues that regardless whether his request was for a departure or variance, it is clear that the district court believed it lacked authority to depart thereby requiring our review. Because we conclude that the record does not show that that the district court believed it could not depart, we do not address this issue further.

guidelines sentence. Accordingly, we conclude that the record does not show that the district court did not believe it lacked the authority to depart downward based on pretrial confinement conditions and we thus lack jurisdiction to review Goodman's assertion. *See Pressley*, 345 F.3d at 1209; *see also United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) (quoting *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999)) ("[W]hen nothing in the record indicates otherwise, we assume that the [district court] understood it had authority to depart downward").

## III.

Goodman argues that his sentence is substantively unreasonable because the district court failed to weigh the 18 U.S.C. § 3553(a) factors properly and imposed a sentence greater than necessary to achieve the goals of sentencing. We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Carpenter*, 803 F.3d 1224, 1234 (11th Cir. 2015). "[A] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)). "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*,

6

526 F.3d 1312, 1322 (11th Cir. 2008) (quoting *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007)).  Ultimately, we will only vacate a defendant's sentence if we have "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Carpenter*, 803 F.3d at 1234.

Upon careful review, we conclude that Goodman's sentence is not substantively unreasonable.  Here, when imposing its 54-month sentence, the district court mentioned, analyzed, and applied the § 3553(a) factors—balancing Goodman's prior criminal history and the fact that his offense involved selling methamphetamine while in possession of a gun as a convicted felon with Goodman's mitigating arguments that he accepted responsibility and was getting treatment for his drug problem.  *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (explaining that the district court is not required to discuss each of the § 3553(a) factors on the record, and "[w]e will not substitute our judgment in weighing the relevant factors") (quoting *United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006)).  Furthermore, the 54-month sentence imposed was below the advisory guideline range and well below the statutory maximum, both of which are indicators of reasonableness.  *See United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir. 2016) (explaining that we ordinarily expect a within guidelines

7

range sentence to be reasonable, and that "[a] sentence imposed well below the statutory maximum penalty is another indicator of reasonableness").  Accordingly, we conclude that the district court did not abuse its discretion and Goodman's sentence is substantively reasonable.

   **AFFIRMED.**