**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher RICHARDSON,
Defendant–Appellant.**

No. 92–4786.

United States Court of Appeals,
Eleventh Circuit.

Dec. 6, 1993.

Robin Rosen, Asst. Federal Public Defender, West Palm Beach, FL, for defendant-appellant.

Hal Goldsmith, U.S. Attys. Office, S.D.Fla., West Palm Beach, FL, Linda Collins Hertz, Anne Ruth Schultz, Asst. U.S. Attys., Miami, FL, for plaintiff-appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and ATKINS *, Senior District Judge.

ATKINS, Senior District Judge:

■ This appeal presents an issue of first impression in this circuit: whether the absence of a mens rea element in the sentencing enhancement for possession of a stolen firearm pursuant to § 2K2.1(b)(4) of the Sentencing Guidelines is unconstitutional. We join several other circuits in holding that it is not.

Christopher Richardson was indicted on March 26, 1992. The indictment charged Richardson with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). Richardson pled guilty as charged on June 5, 1992. The presentence investigation report assessed Richardson, and the district judge levied, a two level enhancement pursuant to § 2K2.1(b)(4) of the Sentencing Guidelines because the firearm Richardson possessed was stolen.

Richardson argues the district judge erred in levying the two level enhancement because Richardson did not know the firearm was stolen. First, Richardson contends that the application of § 2K2.1(b)(4) to his sentence was unconstitutional because due process requires that the government prove that Richardson had knowledge that the firearm was stolen. Second, Richardson asserts that since the Sentencing Guidelines do not explicitly provide any indication of what mens rea requirement obtains for possession of a stolen firearm, the rule of lenity mandates that the government prove Richardson knew the firearm was stolen. We disagree with both of Richardson's contentions.

We join two other circuits in holding that the lack of a mens rea element in the sentencing enhancement for possession of a stolen firearm does not offend due process because § 2K2.1(b)(4) does not create a crime separate and apart from the underlying felony. *See United States v. Mobley,* 956 F.2d 450 (3rd Cir.1992); *United States v. Singleton,* 946 F.2d 23 (5th Cir.1991).

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting

■ With respect to Richardson's second contention, the rule of lenity only operates when a statute is ambiguous. *Singleton,* 946 F.2d at 24 (citing *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980)). The provisions of § 2K2.1(b)(4) are not ambiguous; there is clearly no mens rea requirement. *See Singleton,* 946 F.2d at 25; *United States v. Taylor,* 937 F.2d 676, 681–82 (D.C.Cir.1991); *United States v. Peoples,* 904 F.2d 23, 25 (9th Cir.1990) (per curiam); *United States v. Anderson,* 886 F.2d 215, 216 (8th Cir.1989). Thus, the rule of lenity does not require that the government prove Richardson knew the firearm was stolen. *See id.*

The district judge did not err in assessing Richardson a two level enhancement pursuant to § 2K2.1(b)(4) of the Sentencing Guidelines. Accordingly, we AFFIRM the judgment of sentence.