United States Court of Appeals,

Eleventh Circuit.

No. 94-8150

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Carl Leslie HOLDEN, Defendant-Appellant.

Aug. 21, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-CR-319), Horace T. Ward, Judge.

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

## I. Introduction

Carl Leslie Holden pleaded guilty to possession of a destructive device—a Claymore anti-personnel mine—in violation of 26 U.S.C. 5861(d). He now appeals the sentence resulting from that guilty plea. Having considered the several issues that Holden raises on appeal, we find that none presents grounds for a reversal. In this opinion, we specifically address only a few of those issues.[1]

## II. Discussion

---

[1]We do not further address Holden's contention on appeal that the district court erred by failing to apply §§ 2K2.1(b)(2), 2K2.1(a)(7), comment. (n. 8), and 5K2.11 of the United States Sentencing Guidelines. Because we reject Holden's argument that he properly raised the application of these Guideline provisions before the district court, absent plain error, we will not reverse his sentence based upon these three provisions. *See United States v. Newsome,* 998 F.2d 1571, 1579 (11th Cir.1993) (ruling absent plain error argument not raised at sentencing is waived on appeal), *cert. denied,* --- U.S. ----, ----, 114 S.Ct. 734, 737, 126 L.Ed.2d 698, 700 (1994). No plain error exists in this case.

A. THE U.S.S.G. §§ 2K2.1(b)(4) AND 2K2.1(b)(3) ENHANCEMENTS

At sentencing, pursuant to U.S.S.G. §§ 2K2.1(b)(4) and 2K2.1(b)(3), the district court enhanced Holden's sentence after finding that the mine that he had possessed was a stolen, destructive device. Holden disputes this characterization.

1. *Section 2K2.1(b)(4)*

As to the district court's finding that the device was stolen, Holden challenges a finding of fact, and "[w]hen reviewing a sentence for which a sentencing guideline has been issued ... this Court accepts the district court's findings of fact unless they are clearly erroneous...." *United States v. Marin,* 916 F.2d 1536, 1538 (11th Cir.1990) (per curiam). The district court's factual findings about the mine are not clearly erroneous, because they are supported by evidence in the record. Army explosives expert Sergeant Richard Nimmerrichter testified that individuals who were not under "proper military control" lack the authority to possess a Claymore mine, thus raising the inference that the mine which Holden, who was not under military control, possessed was stolen property. Holden himself testified that Michael Cantrell, a former military policeman who had given Holden the mine to dispose of, had told Holden it was stolen. The district court was entitled to credit this portion of Holden's testimony, even though Cantrell himself denied telling Holden that it was stolen.

More fundamentally, knowledge that such a device is stolen property is not a prerequisite to the application of § 2K2.1(b)(4), anyway. *See* U.S.S.G. § 2K2.1, comment. (n. 19) ("The enhancement under subsection (b)(4) for a stolen firearm [including a mine] ...

applies whether or not the defendant knew or had reason to believe that the firearm was stolen...."); *see also United States v. Richardson,* 8 F.3d 769, 770 (11th Cir.1993), *cert. denied, ---* U.S. ----, 114 S.Ct. 1321, 127 L.Ed.2d 670 (1994).

2. *Section 2K2.1(b)(3)*

As to the district court's finding that the mine Holden possessed was a "destructive device," Holden argues that because the mine he possessed was not fully assembled and operative, it was not a "destructive device" within the meaning of U.S.S.G. § 2K2.1(b)(3). That section states that "[i]f the offense involved a destructive device, increase by 2 levels." Unlike Holden's argument concerning § 2K2.1(b)(4), this contention goes to the district court's interpretation of the Guidelines and their application to the facts; accordingly we conduct a *de novo* review of the § 2K2.1(b)(3) enhancement. *See United States v. Rojas,* 47 F.3d 1078, 1080 (11th Cir.1995). Our own review leads us to the same conclusion reached by the district court: even unassembled, this mine should be considered a destructive device. Application note 4 in the commentary to § 2K2.1 defines a destructive device to include a "mine" without explicitly excepting "unassembled" mines. The district court found that Holden possessed all of the necessary components of this device. And, Holden failed to proffer any evidence that this particular mine could not quickly be assembled to make it fully operative.

Deterring the possession of destructive devices, such as anti-personnel mines, is the purpose of the § 2K2.1(b)(3) enhancement. That purpose would be undermined by permitting

defendants to evade the enhancement by leaving such devices in a temporarily unassembled state. *Cf. United States v. Hamrick,* 43 F.3d 877, 886 (4th Cir.1995) (rejecting argument that because letter bomb was "dysfunctional," it did not constitute a "destructive device" for sentencing purposes under 18 U.S.C. § 924(c)), *petition for cert. filed,* --- U.S.L.W. ---- (U.S. Apr. 6, 1995) (No. 94-8773). Accordingly, the district court did not err in holding that the unassembled mine was a destructive device.

B. THE REJECTED U.S.S.G. §§ 5K2.13 AND 5K2.0 DEPARTURES

Holden also contends that the district court erroneously refused to depart downward, pursuant to either U.S.S.G. § 5K2.13 or § 5K2.0, based upon his suffering from post-traumatic stress disorder and other "mitigating" factors[2] present in this case. Although we generally may not review the merits of a district court's refusal to grant a downward departure, *see United States v. Hadaway,* 998 F.2d 917, 919 (11th Cir.1993), we may conduct a *de novo* review of a defendant's claim that the district court mistakenly believed it lacked the authority to grant such a departure, *see United States v. Williams,* 948 F.2d 706, 708 (11th Cir.1991). As Holden notes, the district court did state that it lacked discretion to depart downward in this case, presumably under either § 5K2.13 or § 5K2.0. However, our close examination of the record and of the context in which that statement was made

---

[2]Holden emphasized to the district court that: he had exemplary police and military records; he fully cooperated with the police; he suffered psychologically from his service in Vietnam; he was not involved with the sale of explosives; he stored the mine safely, avoiding danger to the community; he did not commit a violent crime; and, he had no criminal history.

convinces us that the court was not unaware of its discretion to depart downward under proper circumstances. Instead, as we explain below, the district court's statements reflect its decision not to depart downward under these circumstances.

1. *Section 5K2.13*

As to the district court's refusal to depart downward pursuant to § 5K2.13, that section provides:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted *to reflect the extent to which reduced mental capacity contributed to the commission of the offense....*

U.S.S.G. § 5K2.13 (emphasis added). In order to grant a departure pursuant to this section, the district court must find that the defendant's diminished capacity *contributed* to his offense. In this case, the district court found that the evidence presented by Holden in support of a departure under this section—evidence that he suffered from post-traumatic stress disorder—went to the wrong question. Holden's evidence tended to show that his diminished capacity might have explained his dealings with other individuals which led to the discovery of the mine at his home; but the district court found that the evidence failed to establish that the disorder caused him to possess the mine, which is the offense for which he was being sentenced. Because the district court found that the facts did not sufficiently link the disorder to the offense, no § 5K2.13 departure was appropriate, in any event.

2. *Section 5K2.0*

As to the district court's refusal to grant a § 5K2.0 departure, that section states:

Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

U.S.S.G. § 5K2.0, p.s.  Thus, a judge has no discretion to depart downward pursuant to this section unless he finds that mitigating circumstances exist that were "not adequately taken into consideration by the Sentencing Commission."  As with the § 5K2.13 departure request, in refusing to grant a § 5K2.0 departure, the district court considered all of the evidence presented by Holden in light of the Guidelines before denying the downward departure. In its discussion of the departure request based upon Holden's psychological problems, the court stated:

Look, I would like to depart if I could, but I don't have any basis.  I find that I don't have any discretion under the—I want it to be clear for the record because, if the judge finds it doesn't have discretion and it does, then that's reversible error.  So I don't want to muddy the waters.  So I find that, based on all the statements and presentations made, that I cannot find first that this particular situation is one or this particular set of circumstances surrounding Mr. Holden are circumstances and facts which are not—which were not considered by the Sentencing Commission.

And I have—you know, Mr. Holden has had a long and distinguished career, a military career, and a police career particularly.  I would like to consider all those things, but I am not in a position to do what federal judges could do before.  I can consider them, but I can't depart on the basis of them.  In other words, let's make it clear for the record.

Okay.  I have considered these issues, and I find that, of all of the issues raised, the total group, taken one by one, would not justify a departure under the law and under the rules;  and taken together, any reading of the rules and the law will not justify a departure.

Having considered all of Holden's evidence of mitigating factors, from his military service to his psychological problems, the

district court determined, within its discretion, that none of those factors, taken individually or together, constituted atypical grounds which could serve as a basis for a departure. We may not review the merits of that decision.

### III. Conclusion

Holden's sentence is AFFIRMED.