108 F.3d 1383
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Edward J. WOODS, Appellant.
 No. 96-3257.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 28, 1997.
Filed March 17, 1997.
 
 Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edward J. Woods appeals the 72-month sentence imposed by the district court[1] after he pleaded guilty to two counts of being a felon, and a person previously committed to a mental institution, in possession of firearms, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). Woods challenges the two-level enhancement he received for possessing a destructive device, under U.S. Sentencing Guidelines Manual § 2K2.1(b)(3) (1995).
 
 
 2
 We do not believe the district court clearly erred in finding Woods possessed the essential components and the intent to make a destructive device. See United States v. Williams, 97 F.3d 240, 243 (8th Cir.1996) (standard of review). At sentencing, a special agent for the state fire marshal's office testified that Woods had the necessary materials to manufacture an explosive device, and could easily have done so; and the government introduced evidence that Woods had made bombs in the past, intended to do so in the future, and owned books detailing how to make bombs. See U.S. Sentencing Guidelines Manual § 2K2.1, comment. (n.4)("destructive device" includes combination of parts designed or intended for use in converting device into destructive device such as explosive or incendiary bomb); cf. United States v. Holden, 61 F.3d 858, 860 (1st Cir.1995) (per curiam) (unassembled land mine constituted "destructive device" under U.S.S.G. § 2K2.1(b)(3); defendant had all necessary components, and no evidence he could not have readily constructed device). We therefore conclude the district court properly applied the enhancement.
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa