[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2010
JOHN LEY
ACTING CLERK

No. 08-10743
Non-Argument Calendar
_____

D. C. Docket No. 07-00002-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY LEE STARR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 13, 2010)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Terry Lee Starr appeals his convictions and sentences for possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and for possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). We affirm, finding no merit to the arguments raised.

First, although Starr argues that the evidence was insufficient to sustain either of his convictions because he did not know there was a pistol in his pocket until police removed it, much less that the pistol had an obliterated serial number, the jury had an ample evidentiary basis to conclude otherwise.

Second, the district court did not plainly err in failing to instruct the jury as to the "innocent possession" defense to § 922(g)(1). Because this Court has not recognized the availability of the innocent intent defense to § 922(g)(1), there is a circuit split, and there is no precedent from the Supreme Court resolving the issue, there cannot have been plain error, which is the applicable standard to be applied.

Third, the district court did not err in failing to find that Starr suffered a Fourth Amendment violation when police officers seized him and thereafter seized the gun in his pocket. The evidence supports the conclusion that the officers were justified in detaining Starr, patting him down, and seizing the firearm found in his pocket.

We likewise find no error on the district court's conclusion that Starr was not deprived of his Fourteenth Amendment due process rights when it found that

2

he was competent to stand trial. There were no objections to the psychiatric report concluding that Starr was competent and Starr forfeited any challenge to the district court's competency finding when counsel affirmatively withdrew his prior objection and stated that he had no question as to Starr's competency.

Finally, we find no plain error in the two level increase to Starr's offense level per U.S.S.G. § 2K2.1(b)(4), for possessing a firearm with an obliterated serial number. Section 2K2.1(b)(4) of the 2005 Guidelines provided that the base offense level should be increased by two if the weapon had an altered or obliterated serial number. U.S.S.G. § 2K2.1(b)(4) (2005). The commentary to that guideline provided that the two-level increase applied "whether or not the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." U.S.S.G. § 2K2.1, comment. (n.16) (2005); *see also United States v. Richardson*, 8 F.3d 769, 770 (11th Cir. 1993) (holding that the district court did not err in applying a two-level enhancement, per § 2K2.1(b)(4), for possessing a stolen firearm, notwithstanding the absence of proof that Richardson knew the firearm was stolen).

Because there is no dispute that the serial number was obliterated and application of the two-level enhancement under § 2K2.1(b)(4) does not require knowledge of the obliteration, the district court did not err, much less plainly err, in

3

applying the enhancement.

**AFFIRMED.**