[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14417
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00015-TFM-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL ESTRADA, JR.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(August 10, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Estrada appeals his 360-month sentence for his conviction, following a guilty plea, of one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine. He argues that the sentence is procedurally unreasonable because the district court made factual findings that were clearly erroneous, contrary to the facts set forth in the presentence investigation report (PSI), and based on evidence from his co-defendant's trial that he had no meaningful opportunity to contest. For similar reasons, he also argues that the sentence, which is more than double the high end of his advisory guideline range, is substantively unreasonable.

An indictment charged Estrada with one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; 18 U.S.C. § 2 ("Count One"), and one count of possession with intent to distribute approximately 30 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 2 ("Count Two"). The indictment charged Linda Lancon as his co-defendant on both counts. Estrada pled guilty to Count One with a plea agreement while Lancon proceeded to trial.

Lancon proceeded to trial on her charges and was found guilty. At that trial, Don Herrington, an agent with Homeland Security Investigations who was part of the attempted controlled delivery with Estrada, testified that during the trip,

2

Estrada told him he and Lancon had been approached by a man at a truck stop who asked them to transport drugs and gave them the cocaine. Herrington testified that, in his opinion, this was not the first drug distribution trip made by that truck. He felt that Estrada was not telling the complete story, and it did not make sense for Estrada to have driven this truck to a truck stop to look for work, as he had claimed, because the truck was expensive to take on non-hauling errands and Estrada had other more suitable vehicles. Herrington reviewed the GPS records, which showed multiple trips between Laredo and Atlanta, with one trip to New Orleans and another to the east coast. Atlanta was a significant destination because it was a distribution point for narcotics. The value of the cocaine in the truck was around $1 million. Herrington believed that Estrada had engaged in other drug smuggling journeys previously, though he was not charged with any.

Also at the co-defendant's trial, a pair of police officers (one involved in Estrada's traffic stop) testified that Estrada had tattoos—such as an eagle with a serpent and cactus, which was the center of the Mexican flag; an Aztec calendar; and a woman with a Day of the Dead face painting—that officers believed were worn by members of the Mexican mafia. They testified that the Mexican mafia was "an organization affiliated with drug trafficking."

3

At Estrada's sentencing, the district court addressed Estrada and stated the following:

> You obviously chose to transport drugs.  And I sat through the trial of your codefendant and I heard a little bit about the other trips that were taken. Your lawyer mentioned them, [the government] mentioned them this morning. And to me this isn't—you are not a person who this was your, quote, "first rodeo."  You're a person who's done this repeatedly.  I really don't think your apology is sincere, because this wasn't the first time that you'd taken a load of drugs across the border, based on everything that I saw at the trial of your codefendant.  This isn't the first time that you've been involved in smuggling.  This is just the most recent and the most severe time that you've gotten caught.
>
> So you made a choice. Choices have consequences. This is a time where I see the guidelines to be totally inappropriate, and I am not going to apply the guidelines, because I think they are way too lenient for you, based upon your criminal history, the number of other trips where you didn't get caught.

The district court noted the substantial amount of cash Lancon had in her purse and in boxes, and stated that Estrada was not "a mule who just happened to make a bad choice and got caught on one occasion."  The court added, "The tattoos on your body indicate that you've made a choice.  You soldiered up for [the drug suppliers].  So you have to suck it down."

The district court adopted the PSI's guideline calculations, yielding an advisory guideline range of 140 to 175 months.  Finding the guidelines to be "totally inappropriate to the facts and circumstances of this case," and that a

4

guideline sentence would not be reasonable, it sentenced Estrada to 360 months' imprisonment.  The district court explained that Estrada's criminal history, including domestic violence incidents, showed that he was a physical danger to people.  It also stated that Estrada had been convicted of smuggling, and found, "from the evidence in this case," that Estrada had "participated in other successful runs to smuggle drugs or other illegal activity."  The court believed 30 years was "actually a lenient sentence," but it would "take out the rest of [Estrada's] criminal career."  (Id. at 12-13).  Estrada was a career criminal with no respect or regard for the law and the sentence addressed the seriousness of the offense because cocaine was a highly addictive substance, and it was a large quantity.  It added that the drug suppliers would not have trusted him with that much cocaine unless he had proven himself to be reliable.  The district court explained that the sentence served the objectives of punishment because the narcotics laws were designed to be harsh toward people like Estrada, and it was designed to incapacitate Estrada and to deter others.

We review sentences for reasonableness under a two-step process, whereby we first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C.

5

§ 3553(a) sentencing factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the guideline range. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). Assuming that the district court's sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We generally decline to discuss the substantive reasonableness of a sentence until procedural errors have been addressed by the district court. *See United States v. Barner*, 572 F.3 1239, 1253 (11th Cir. 2009). The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

However, when a party fails to make specific objections at sentencing after being given an opportunity to do so by the district court, challenges to the sentence on appeal will be reviewed only for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014); *see also United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (reviewing procedural unreasonableness argument raised for first time on appeal for plain error standard). To preserve an objection, a defendant "must raise that point in such clear and simple language that the trial court may not misunderstand it." *Ramirez-Flores*, 743 F.3d at 821 (quotation

6

marks omitted). A defendant does not preserve an issue for appeal if the factual predicates of the objection are included in the sentencing record, but were presented to the sentencing court under a different legal theory. *Id.* The Supreme Court has held that a defendant's argument for a specific sentence in the district court preserves for appeal his claim that a longer sentence is substantively unreasonable. *Holguin Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).

We "will find plain error only where (1) there is an error in the district court's determination; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Clark,* 274 F.3d 1325, 1326 (11th Cir. 2001). For us to correct a plain sentencing error, the defendant must establish that there is a reasonable probability that, but for the error, he would have received a lesser sentence. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1190 (11th Cir. 2006).

A sentence is not procedurally reasonable if the district court makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). The district court "may not speculate about the existence of a fact that would result in a higher sentence," but must only consider "reliable and specific evidence." *Id.* at 1197. Factual findings are clearly erroneous when, although

7

there is evidence to support them, the appellate court, based on the record as a whole, "is left with a definite and firm conviction that a mistake has been committed." *Id.* at 1195. A district court's factual findings at sentencing are clearly erroneous where they are not supported by evidence in the record. *United States v. Holden*, 61 F.3d 858 (11th Cir. 1995); *see also United States v. Martinez*, — F.3d —, No. 18-12950, manuscript op. at 5 (11th Cir. July 14, 2020) ("Although review for clear error is deferential, a finding of fact must be supported by substantial evidence.") (quoting *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007)).

The district court's factual findings may be based on evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing. *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). "A sentencing court may consider any information, (including hearsay), regardless of its admissibility at trial, to determine whether factors exist that justify an enhancement of the defendant's sentence, provided that the evidence has sufficient indicia of reliability, the court makes findings of fact regarding credibility, and the defendant has an opportunity to challenge the evidence." *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010) (quotation marks omitted); *see* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the

8

background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). "[S]entencing courts may consider both uncharged and acquitted conduct in determining the appropriate sentence." *United States v. Rushin*, 844 F.3d 933, 942 (11th Cir. 2016) (quotation marks omitted). Nevertheless, while "sentencing proceedings are not required to be as exacting as those as trial" for due process, the "defendant's primary due process interest . . . is the right not to be sentenced on the basis of invalid premises or inaccurate information." *United States v. Plasencia*, 886 F.3d 1336, 1343 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 837 (2019). Due process requires that a criminal defendant have adequate notice of, and an opportunity to contest, any facts used to support his penalty. *Id.*

We have stated that "evidence presented at the trial of another may not—without more—be used to fashion a defendant's sentence if the defendant objects." *United States v. Castellanos*, 904 F.2d 1490, 1496 (11th Cir. 1990) (emphasis omitted). The defendant must be afforded "the opportunity to rebut the evidence or generally to cast doubt upon its reliability" when a sentencing court relies on evidence from the trial of a third party. *Id.*; *see also* U.S.S.G. § 6A1.3 ("When any factor important to the sentencing determination is reasonably in dispute, the

9

parties shall be given an adequate opportunity to present information to the court regarding that factor.")   In *Castellanos*, we affirmed a district court's resolution of factual and legal disputes at a sentencing hearing by relying on the defendant's own testimony at a co-defendant's trial.  904 F.2d at 1495-96.  But in *United States v. Washington*, we concluded that the district court had improperly relied on the evidence and rulings on the number of victims it had made in the defendant's co-conspirators' cases to overrule his objection to the number of victims enhancement.  714 F.3d 1358, 1361–62 (11th Cir. 2013).  This Court noted that the defendant had not had an opportunity to rebut or cast doubt upon the evidence in his co-conspirators' cases, and stated that if the government had "wanted to rely on evidence presented and findings made during the co-conspirators' sentencing hearings, it had the obligation to order the transcripts of those hearings and make them available to [the defendant] and the district court."  *Id.* at 1362.

Here, we conclude that plain error review applies to Estrada's procedural challenges, but that he has satisfied that standard.  The district court plainly erred by basing its sentence on a fact finding—that Estrada had, on an unspecified number of occasions, previously engaged in drug distribution without being caught—that had no support in the record of the case, but was drawn from evidence introduced at the trial of Estrada's co-defendant, which he did not

10

participate in.  Estrada never admitted to prior drug distribution activities, no such evidence was presented at the sentencing hearing, and the district court gave Estrada no opportunity to object to, contest, rebut, explain, or contextualize the evidence the court used to enhance his sentence.  Thus, the district court erred, the error is plain, and Estrada's substantial rights were violated.  Because the sentence is procedurally unreasonable, we need not address whether it is substantively unreasonable.  We vacate the sentence and remand for re-sentencing.

**VACATED AND REMANDED.**