[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12248

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RANDALL EDDIE MELLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00256-JPB-AJB-1

_____

Before WILSON, JORDAN, and LUCK, Circuit Judges.

PER CURIAM:

Randall Eddie Mellon appeals his sentence of 100 months' imprisonment for possession of a firearm by a convicted felon. He argues that the district court clearly erred in finding that the government had proven by a preponderance of the evidence that the substances found in his residence and vehicle were marijuana and in applying an enhancement for possession of a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). He also contends that the strict liability standard for the application of the stolen firearm enhancement under U.S.S.G. § 2K2.1(b)(4) violates due process.

I

We review a district court's factual findings underlying a sentencing determination for clear error and the application of those facts to the Guidelines *de novo*. *See United States v. Williams*, 527 F.3d 1235, 1247-48 (11th Cir. 2008). The determination that a defendant possessed a firearm "in connection with" another felony is a finding of fact. *See United States v. Martinez*, 964 F.3d 1329, 1333 (11th Cir. 2020). Factual findings are clearly erroneous when, although there is evidence to support them, we are "left with a definite and firm conviction that a mistake has been committed." *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (quotation marks omitted). A factual finding

cannot be clearly erroneous, however, when the factfinder is choosing between two permissible views of the evidence. *See United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).

When a defendant challenges a factual basis of his sentence, the government has the burden of proving the disputed fact by a preponderance of the evidence. *See United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). This burden must be satisfied with reliable and specific evidence. *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). The preponderance standard requires only that the factfinder believes that the existence of a fact is more probable than its nonexistence. *See United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004). The sentencing court's factual findings may be based on evidence presented at the sentencing hearing or undisputed statements in the PSI. *See Polar*, 369 F.3d at 1255.

We accord great deference to the district court's credibility determinations. *United States v. Clay*, 376 F.3d 1296, 1302 (11th Cir. 2004). We must accept the district court's credibility determination "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quotation marks omitted).

The Sentencing Guidelines provide for a four-level enhancement if the defendant possessed the firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). A firearm is possessed in connection with another felony offense if the firearm

facilitated or had the potential to facilitate another felony offense. *See id.*, comment. (n.14(A)). Close proximity between a firearm and drugs or drug paraphernalia acts as a proxy for the potential of the firearm to facilitate a drug-trafficking offense and, thus, without any additional evidence, establishes that the firearm was possessed in connection with the offense. *See Martinez*, 964 F.3d at 1338; U.S.S.G. § 2K2.1, comment. (n.14(B)).

Here, the district court did not clearly err in finding that the substances that Mr. Mellon possessed were marijuana and that he thus possessed firearms in connection with another felony. First, when asked after his arrest if he still sold drugs, Mr. Mellon said "I sell weed." Second, in his testimony, Task Force Officer Reynolds identified the substance as marijuana. Third, the paraphernalia found within Mr. Mellon's residence suggested distribution. Fourth, Mr. Mellon had Instagram posts with substances that appeared to be marijuana.

## II

We review *de novo* a district court's interpretation of the Guidelines and its application of the Guidelines to the facts. *See United States v. Fox*, 926 F.3d 1275, 1278 (11th Cir. 2019). We review *de novo* constitutional challenges to the Guidelines. *See United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015).

The Sentencing Guidelines call for a two-level enhancement for a firearms offense when "any firearm . . . was stolen." U.S.S.G. § 2K2.1(b)(4)(A). The commentary states that this enhancement

21-12248               Opinion of the Court                     5

applies "regardless of whether the defendant knew or had reason to believe that the firearm was stolen." *See* § 2K2.1(b)(4)(A), comment. (n.8(B)).

We have rejected the argument that the rule of lenity requires that the government prove that the defendant knew a firearm was stolen because the rule of lenity applies only when a statute is ambiguous. *United States v. Richardson*, 8 F.3d 769, 770 (11th Cir. 1993). The text of § 2K2.1(b)(4) "[is] not ambiguous," and, thus, there is "clearly no *mens rea* requirement" for the enhancement. *Id.* In *Richardson*, we further held that "the lack of a *mens rea* element in the sentencing enhancement for possession of a stolen firearm does not offend due process because § 2K2.1(b)(4) does not create a crime separate and apart from the underlying felony." *Id.* We later reiterated that "knowledge that such a device is stolen property is not a prerequisite to the application of § 2K2.1(b)(4)," citing the commentary to § 2K2.1 and *Richardson*. *See United States v. Holden*, 61 F.3d 858, 860 (11th Cir. 1995).

The Supreme Court recently clarified when courts should defer to agency interpretations of ambiguous regulations. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2408 (2019). It held that such deference is warranted only when the court has determined, "based on indicia like text, structure, history, and purpose, whether the regulation really has more than one reasonable meaning," and where the interpretation "is of the sort that Congress would want to receive deference." *Id.* at 2424.

6                    Opinion of the Court                    21-12248

The same year it decided *Kisor*, the Supreme Court held that, in prosecuting a defendant under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that he knew of his status as a convicted felon at the time when he possessed the firearm. *See Rehaif v. United States*, 139 S. Ct. 2191, 2195-2200 (2019). The Court noted that there is a "longstanding presumption, traceable to the common law" in favor of scienter, even when Congress has not explicitly added a *mens rea* requirement to a criminal statute. *Id.* at 2195.

Under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). "While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point." *Id.* (quotation marks omitted).

Here, Mr. Mellon's argument that the stolen firearm enhancement is unconstitutional because it lacks a *mens rea* requirement is foreclosed by our prior panel precedent in *Richardson*, which has not been "overturned or undermined to the point of abrogation" by *Kisor* or *Rehaif*. *See Archer*, 531 F.3d at 1352. Simply stated, neither case addressed a strict liability enhancement in a guidelines provision.

21-12248                 Opinion of the Court                 7

## III

Mr. Mellon's sentence is **AFFIRMED.**